ACCEPTED
01-18-00027-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/24/2018 6:21 PM
CHRISTOPHER PRINE
CLERK

NO. 01-18-00027-cv

IN THE COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/24/2018 6:21:16 PM
CHRISTOPHER A. PRINE
Clerk

FIRST JUDICIAL DISTRICT

AT HOUSTON, TEXAS

---

## TYHAN, INC. D/B/A AUTO FIX UNLIMITED
*Appellant,*

## VS.

## CINTAS CORPORATION NO. 2,
*Appellee.*

---

ON APPEAL FROM THE COUNTY CIVIL COURT AT LAW NO. 4 OF
HARRIS COUNTY, TEXAS
HON. ROBERTA LLOYD PRESIDING
TRIAL COURT CAUSE NO. 1093315

---

### BRIEF FOR APPELLEE

---

TAYLOR, TAYLOR & RUSSELL
Allen D. Russell
State Bar No. 00784889
Collin D. Greene
State Bar No. 24095939
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
COUNSEL FOR APPELLEE

**ORAL ARGUMENT NOT LIKELY TO BENEFIT EITHER PARTY**

1

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX R. CIV. P. 38.1(a), a list of the names and addresses of all interested parties is provided below so members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

Appellant:   Tyhan, Inc. d/b/a Auto Fix Unlimited

Trial Counsel for Appellant:

Pro se

Counsel on appeal for Appellant:

Michael Howell
N. West Short
West Short & Howell, PLLC
313 West 10th Street
Georgetown, Texas 78626

Appellee:   Cintas Corporation No. 2

Trial Counsel for Appellee:

Allen D. Russell
Taylor, Taylor & Russell
2777 Allen Parkway, Suite 1000
Houston, Texas 77019

Counsel on appeal for Appellee:

Allen D. Russell
Collin D. Greene
Taylor, Taylor & Russell
2777 Allen Parkway, Suite 1000
Houston, Texas 77019

Trial Judge:

Honorable Roberta A. Lloyd
County Civil Court at Law No. 4
Harris County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.............................................2, 3

INDEX OF AUTHORITIES.........................................................6-9

STATEMENT OF THE CASE.........................................................11

ISSUES PRESENTED...............................................................12

STATEMENT OF FACTS.........................................................13, 14

SUMMARY OF THE ARGUMENT........................................................15

ARGUMENTS ON APPEAL...........................................................16

STANDARD OF REVIEW............................................................16

ISSUE ONE: Should the trial court's judgment with respect to not granting Tyhan's motion for new trial when Tyhan claims that it was never served with a copy of the motion for summary judgment be affirmed? ............................17

ISSUE TWO: Should the trial court's judgment be affirmed with respect to the contractual liquidated damages?................................................25

ISSUE THREE: In support of its motion for summary judgment, Cintas provided an affidavit sworn to by a Cintas general manager. The affidavit stated the past amount due, the weekly rental amount, and the amounts due for missing/damaged items. Should the trial court's judgment be affirmed with respect to whether the affidavit was sufficient to grant summary judgment?
.............................................................................29

ISSUE FOUR: Did Tyhan's response to Cintas's motion for summary judgment, or Cintas's own affidavit, demonstrate a lack of any fact issue such that the trial court's summary judgment should be affirmed?................................32

ISSUE FIVE: Does the affidavit supporting attorney's fees provided by Cintas provide the minimum information required to recover attorney's fees?....................................................................................................34

CONCLUSION AND PRAYER.........................................................37

CERTIFICATE OF COMPLIANCE....................................................39

APPENDIX.....................................................................................40

CERTIFICATE OF SERVICE............................................................53

# INDEX OF AUTHORITIES

## CASES

*1001 McKinney Ltd. v. Credit Suisse First Boston Mort. Capital*, 192 S.W.3d 20 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)..................................................................................30

*Apartment Express LLC v. Southchase North Apartments*, No. 14-15-00532-CV, 2015 WL 4930908 (Tex. App.—Houston [14th Dist.] Aug. 18, 2015, no pet.) (mem. op.) (per curiam)..................................................................................19, 33

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997)..................................................................................36

*Baker v. International Record Syndicate*, 812 S.W.2d 53 (Tex. App. —Dallas, 1991, no writ)..................................................................................26

*Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372 (Tex. App.—San Antonio 1999, pet. denied)..................................................................................34

*CA Partners v. Spears*, 274 S.W.3d 51 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)..................................................................................30

*Cintas Corp. v. Arrellano*, No. 13-12-00511-CV, 2014 WL 3926808 (Tex. App.—Corpus Christi March 20, 2014, no pet.) (mem. op.)..................................................................................26-28

*Cintas Corp. v. Quevedo*, No. 04-11-00142-CV, 2012 WL 1940642 (Tex. App.—San Antonio May 30, 2012, no pet.) (mem. op.)..................................................................................28

*Commercial Union Insurance Co. v. La Villa School Dist.*, 779 S.W.2d 102 (Tex. App. – Corpus Christi, 1989, no writ)..................................................................................26

*Computize, Inc. v. NHS Communs. Group, Inc.*, 992 S.W.2d 608 (Tex. App.—Texarkana 1999, no pet.)..................................................................................20

*Delcor USA, Inc. v. Tex. Indus. Specialities*, No. 14-11-00048-CV, 2011 WL 6224466 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (mem. op.)..................................................................................34, 35

*Dell Dev. Corp. v. Best Indus. Uniform Supply*, 743 S.W.2d 302 (Tex. App.— Houston [14th Dist.] 1987, writ denied)..................................................19

*Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421 (Tex. App.—Houston [1st Dist.] 2016, rev. denied)..............................................16

*Downer v. Aquamarine Operators*, 701 S.W.2d 238 (Tex. 1985)..................................................................................................16

*Felt v. Comerica Bank*, 401 S.W.3d 802 (Tex. App.—Houston [1st Dist.] 2013, no pet.)..................................................................................................20-23

*Felt v. Harris County*, No. 14-12-00327-CV, 2013 WL 1738604 (Tex. App.— Houston [14th Dist.] Apr. 23, 2013, no pet.) (mem. op.)..................................................................................................22

*Fid. & Dep. Co. of Maryland v. Stool*, 607 S.W.2d 17 (Tex. Civ. App.—Tyler 1980, no writ)..................................................................................................27

*FPL Energy, LLC v. TXU Portfolio Mgmt. Co., L.P.*, 426 S.W.3d 59 (Tex. 2014)..................................................................................................26, 27

*Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)..................................................................................................34

*Haynes v. City of Beaumont*, 35 S.W.3d 166 (Tex. App.—Texarkana 2000, no pet.)..................................................................................................30

*In re Estate of Tyner*, 292 S.W.3d 179 (Tex. App.—Tyler 2009, no pet.)..................................................................................................34

*Kunstoplast of Am. v. Formosa Plastics Corp.*, USA, 937 S.W.2d 455 (Tex. 1996)..................................................................................................19, 33

*L'Arte De La Mode, Inc. v. Nieman Marcus Grp.*, 395 S.W.3d 291 (Tex. App.— Dallas 2013, no pet.)..................................................................................................19, 20

*Lewis v. Family Dollar, Inc.*, No. 01-10-00472-CV, 2011 WL 346290 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (mem. op.)..................................................................................................29-31

7

*Long v. Griffin*, 442 S.W.3d 253 (Tex. 2014)..............................................................................35

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844 (Tex. 2009)..............................................................................16

*McClane v. New Caney Oaks Apartments*, 416 S.W.3d 115 (Tex. App.—Beaumont 2013, no pet.)..............................................................................19, 20

*McMahon v. Zimmerman*, 433 S.W.3d 680 (Tex. App.—Houston [1st Dist.] 2014, no pet.)..............................................................................36

*Mobilelink San Antonio, LLC v. PNK Wireless Comm., Inc.*, No. 01-15-01048-CV, 2016 WL 7368066 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (mem. op.)..............................................................................35-37

*Osborn v. Osborn*, 961 S.W.2d 408 (Tex. App. —Houston [1st Dist.] 1992, no writ)..............................................................................16

*Phillips v. Phillips*, 820 S.W.2d 785 (Tex. 1991)..............................................................................26

*Pinole Vall. Trucking, Inc. v. Tex. Dev. Co.*, No. 01-08-00599-CV, 2009 WL 1025750 (Tex. App.—Houston [1st Dist.] Apr. 16, 2009, no pet.) (mem. op.)..............................................................................23

*Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003)..............................................................................16

*Puri v. Mansukhani*, 973 S.W.2d 701 (Tex. App.—Houston [14th Dist.] 1998, no pet.)..............................................................................23

*Rabb Intern., Inc. v. SHL Thai Food Service, LLC*, 346 S.W.3d 208 (Tex. App.—Houston [14th Dist.] 2011, no pet.)..............................................................................19

*Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194 (Tex. App—Houston [1st Dist.] 1998, no pet.)..............................................................................16-18, 24-25

*Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4 (Tex. 1988)..............................................................................33

*Ryland Group, Inc. v. Hood*, 924 S.W.2d 120 (Tex. 1996) (per curiam) ..........................................................................29, 30

*Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dall.*, 703 S.W.2d 356 (Tex. App.—Dallas 1985, no writ)...................................................................................23

*Sherman v. Boston*, 486 S.W.3d 88 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)...............................................................19, 20, 32, 33

*Simmons, Jannace & Stagg, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.)......................................................................19, 32, 33

*Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308 (Tex. 1997)...................................................................................30

**STATUTES**

Tex. Bus. & Comm. Code, Section 2.718...................................................................................26

Tex. Civ. Prac. & Rem. Code Ann. § 38.001...................................................................................36

Tex. Civ. Prac. & Rem. Code Ann. § 38.003...................................................................................36

Tex. Civ. Prac. & Rem. Code Ann. § 38.004...................................................................................36

NO. 01-18-00027-cv

IN THE COURT OF APPEALS

FIRST JUDICIAL DISTRICT

AT HOUSTON, TEXAS

---

TYHAN, INC. D/B/A AUTO FIX UNLIMITED
*Appellant,*

VS.

CINTAS CORPORATION NO. 2,
*Appellee.*

---

ON APPEAL FROM THE COUNTY CIVIL COURT AT LAW NO. 4 OF
HARRIS COUNTY, TEXAS
HON. ROBERTA LLOYD PRESIDING
TRIAL COURT CAUSE NO. 1093315

---

**BRIEF FOR APPELLEE**

---

TO THE HONORABLE FIRST DISTRICT COURT OF APPEALS:

COMES NOW Cintas Corporation No. 2 ("Cintas"), Appellee, and submits

this its Brief for Appellee and would respectfully show the Court as follows:

## STATEMENT OF THE CASE

This case arose out of a dispute for breach of contract for uniform services and other equipment supplied by Cintas to Appellant, Tyhan, Inc. ("Tyhan"). Tyhan filed a pro se answer in response to Cintas's original petition. (CR 14). Cintas moved for summary judgment, at first asking the trial court to consider the motion by submission. (CR 17-36; 42-44; 68). After Tyhan filed a verified pro se response to the motion for summary judgment stating it had not received a copy of the motion (CR 37-41), Cintas noticed a hearing for consideration of the motion. (CR 68). Tyhan did not attend the hearing. (RR 1-3). The trial court granted the summary judgment. (CR 57-58). Tyhan received notice of the judgment from the Harris County Clerk and filed a verified pro se motion for new trial swearing it did not receive notice of the summary judgment hearing. (CR 59; 61-63). The trial court did not hold a hearing on the motion for new trial. (CR 68-69). The motion was overruled by operation of law. (CR 68-69). Tyhan subsequently retained counsel who filed a notice of appeal on January 12, 2018. (CR 68-69).

# ISSUES PRESENTED

ISSUE ONE: Should the trial court's judgment with respect to not granting Tyhan's motion for new trial when Tyhan claims that it was never served with a copy of the motion for summary judgment be affirmed?

ISSUE TWO: Should the trial court's judgment be affirmed with respect to the contractual liquidated damages?

ISSUE THREE: In support of its motion for summary judgment, Cintas provided an affidavit sworn to by a Cintas general manager. The affidavit stated the past amount due, the weekly rental amount, and the amounts due for missing/damaged items. Should the trial court's judgment be affirmed with respect to whether the affidavit was sufficient to grant summary judgment?

ISSUE FOUR: Did Tyhan's response to Cintas's motion for summary judgment, or Cintas's own affidavit, demonstrate a lack of any fact issue such that the trial court's summary judgment should be affirmed?

ISSUE FIVE: Does the affidavit supporting attorney's fees provided by Cintas provide the minimum information required to recover attorney's fees?

## STATEMENT OF FACTS

This case arose out of a breach of contract. Cintas filed its Original Petition on May 18, 2017. (CR 4). Cintas alleged that Tyhan repudiated and breached the contract with Cintas. (CR 4-6). Cintas claims that it is due $11,230.16 for unpaid invoices, $34,621.43 in liquidated damages pursuant to the Standard Uniform Rental Service Agreement, $2,823.00 for damaged and/or unreturned merchandise, prejudgment interest, attorney's fees, and post judgment interest. (CR 5-8).

Tyhan answered pro se, admitting that it had fallen behind on its bill. (CR 14). Appellee filed a motion for summary judgment in the trial court on August 7, 2017. (CR 17). The motion contained a certificate of service. (CR 23). Appellee also filed a notice of submission the same day, stating the motion for summary judgment would be presented to the court for ruling by submission on Friday, September 8, 2017. (The Clerk's Record erroneously omitted this document, but references the document at CR 68; Appx. A). The next day, Appellee filed an amended notice of submission, stating the motion for summary judgment would be presented to the court for ruling by submission on September 15, 2017. (Again, the Clerk's Record erroneously omitted this document, but references the document at CR 68; Appx. B; CR 42-44).

On September 14, 2017, Appellant filed a pro se response to Appellee's motion for summary judgment. (CR 37). In its response, Appellant alleged that it

had not been served with the motion for summary judgment. (CR 38). Appellant attached the following to its response as an exhibit: a letter from Appellee notifying it of the filing of the Amended Notice of Submission with the Amended Notice of Submission following, the Order for Trial Setting, the pro se answer to Appellee's petition, a "Buyout Letter" from Cintas, the citation, and the original petition. (CR 45-55). As another exhibit, it attached a verification. (CR 56).

On October 6, 2017, Appellee filed a notice of oral hearing, stating the motion for summary judgment would be presented to the court for ruling by oral hearing on October 16, 2017. (Again, the Clerk's Record erroneously omitted this document, but references the document at CR 68; Appx. C). On the same day, Appellee filed an amended notice of oral hearing, stating the motion for summary judgment would be presented to the court for ruling by oral hearing on October 23, 2017 (at 1 PM). (Again, the Clerk's Record erroneously omitted this document, but references the document at CR 68; Appx. D).

The trial court granted summary judgment on October 23, 2017. (CR 57-58). Appellant filed its motion for new trial on November 10, 2017. (CR 61). The motion was overruled by operation of law. (CR 68-69). Appellant has appealed to this Court. (CR 68-69).

# SUMMARY OF THE ARGUMENT

This Court should affirm the judgment in all respects. The trial court did not err by not granting Tyhan's motion for new trial because Tyhan, as a pro se corporate defendant, could not file any response to the motion for summary judgment, could not file a motion for new trial, and, despite having received notice of the summary judgment, failed to act in its own defense. The affidavits signed by the Cintas representative and the attorney for Cintas were sufficient to allow the trial court to grant summary judgment as to the damages and the attorney's fees. The affidavit signed by the Cintas representative stated facts, was not conclusory, and was sufficient summary judgment evidence. The documents submitted by Cintas did not demonstrate a fact issue, and the documents submitted by Tyhan could not be considered because it was a pro se response by a corporation to a motion for summary judgment. The evidence before the trial court was sufficient for it to award attorney's fees.

# ARGUMENT

## *STANDARD OF REVIEW*

### *Motion for New Trial:*

When a trial court has denied a motion for new trial, its ruling may be overturned only upon a showing of a clear abuse of discretion. Rabie v. Sonitrol of Houston, Inc., 982 S.W.2d 194, 197 (Tex. App—Houston [1st Dist.] 1998, no pet.) (citing Osborn v. Osborn, 961 S.W.2d 408, 410 (Tex. App.—Houston [1st Dist.] 1992, no writ)). An abuse of discretion occurs when a court acts in an arbitrary or unreasonable manner, or without reference to guiding rules and principles. *Id.* (citing Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985)).

### *Summary Judgment:*

An appellate court reviews de novo the trial court's ruling on a summary judgment motion. Donaldson v. Tex. Dep't of Aging & Disability Servs., 495 S.W.3d 421, 431 (Tex. App.—Houston [1st Dist.] 2016, rev. denied) (citing Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009)). When the trial court's summary judgment does not state the basis for the court's decision, we must uphold the judgment if any of the theories advanced in the motion are meritorious. *Id.* (citing Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003)).

## ISSUES PRESENTED

*ISSUE ONE: Should the trial court's judgment with respect to not granting Tyhan's motion for new trial when Tyhan claims that it was never served with a copy of the motion for summary judgment be affirmed?*

Yes. The trial court did not err by not granting Tyhan's motion for new trial because Tyhan could not file any response to the motion for summary judgment, could not file a motion for new trial, and, despite having received notice of the summary judgment, failed to act in its own defense.

Tex. R. Civ. P. 21a(e) states when an officer's certification is attached to a motion stating the document was served on the other side, that creates a prima facie evidence of the fact of service. But, "[n]othing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding the court may extend the time for taking the action required of such party or grant such other relief as it deems fit." *Id.* Tyhan's response to the motion for summary judgment stated it never received a copy and it attached a verification to this response. Appellant relies on Rabie v. Sonitrol of Houston, Inc., 982 S.W.2d 194, 197 (Tex. App – Houston [1st Dist.] 1998, no pet.) to support its argument that Appellee Cintas produced no evidence to controvert its verified statement that Tyhan did not receive the motion. In *Rabie*, the Plaintiff filed a motion for summary judgment and attached a certificate of service to the motion stating the motion was sent by certified mail, return receipt

17

requested, to the defendant at the address listed in the defendant's answer. *Id.* at 195. The defendant did not respond to the motion, and the trial court entered summary judgment for the plaintiff. *Id.* The defendant timely filed a motion for new trial, asserting that summary judgment was improper because the defendant never received the plaintiff's motion for summary judgment, nor did the defendant receive notice from the post office that an item had been sent to him by certified mail, return receipt requested. *Id.* The Court found that the notations on the envelope tended to show that the United States Postal Service attempted service of the envelope and that after two unsuccessful attempts it returned the envelope to the sender "unclaimed." *Id.* at 197. However, the Court found that these notations did not constitute a certification by the postal service that the notices were delivered to defendant. *Id.* "Thus, there was no evidence before the trial court to controvert defendant's sworn affidavit stating that he never received notice of the certified mail. *Id.* Accordingly, the Court found that the defendant was entitled to a new trial because the record showed he was not given due notice of plaintiff's motion for summary judgment and notice of submission. *Id.*

The facts here are distinguishable from *Rabie*, 982 S.W.2d 194, for two important reasons: 1) Rabie was a pro se individual defendant, not a pro se corporate defendant like Tyhan; 2) Tyhan did have notice of the submission and simply failed to act to obtain the motion itself, despite ample opportunity.

18

As a pro se corporate defendant, Tyhan could not file any response to Cintas's motion for summary judgment. "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally." Sherman v. Boston, 486 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (quoting Simmons, Jannace & Stagg, L.L.P. v. Buzbee Law Firm, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). Legal entities, such as a corporation or a limited liability company, generally may appear in a district or county court only through a licensed attorney. *Id.* (citing Kunstoplast of Am. v. Formosa Plastics Corp., USA, 937 S.W.2d 455, 456 (Tex. 1996); Apartment Express LLC v. Southchase North Apartments, No. 14-15-00532-CV, 2015 WL 4930908, at * 1, n. 1 (Tex. App.—Houston [14th Dist.] Aug. 18, 2015, no pet.) (mem. op.) (per curiam)).

> A legal entity that attempts to thwart this rule does so at its peril. *See* Rabb Intern., Inc. v. SHL Thai Food Service, LLC, 346 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing Dell Dev. Corp. v. Best Indus. Uniform Supply, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied)). Although a non-attorney may perform certain ministerial tasks for a limited liability company, the presentation of a claim at trial is not a mere ministerial act. *See* McClane v. New Caney Oaks Apartments, 416 S.W.3d 115, 120 (Tex. App.—Beaumont 2013, no pet.) (citing L'Arte De La Mode, Inc. v. Nieman Marcus Grp., 395 S.W.3d 291, 295 (Tex. App.—Dallas 2013, no pet.)). Allowing a non-attorney to present a company's claim would permit the unlicensed practice of law. *Id.* at 121. As a result, courts hold that a non-attorney representative cannot appear for a limited liability company or present a case on its behalf.

> *See L'Arte De La Mode, Inc.*, 395 S.W.3d at 295. An attempt to do so
> has no legal effect. *See McClane*, 416 S.W.3d at 121.

*Id.* at 95-96. The Sixth Court of Appeals has specifically held that "a response to a motion for summary judgment by a corporation must be made through an attorney." Computize, Inc. v. NHS Communs. Group, Inc., 992 S.W.2d 608, 612 (Tex. App. – Texarkana 1999, no pet.). Because Tex. R. Civ. P. 166a sets out specific requirements which must be met in order to obtain or avoid a summary judgment, the Sixth Court of Appeals found that, "unlike in the default judgment context, answers filed by pro se corporate litigants are not enough to avoid summary judgment." *Id.* at 612. The response to Cintas's Motion for Summary Judgment was a pro se corporate response, and therefore could not be considered. In effect, there was no response by Tyhan. It does not matter that Tyhan's response may have been an attempt to notify the trial court that it had not received the motion for summary judgment because it was not entitled under the law to file any pro se response. Additionally, it is questionable whether the verification attached as an exhibit had the same effect as a traditional affidavit.

Further, the summary judgment effectively operated as a default judgment. Because a corporation generally may be represented only by a licensed attorney, a non-attorney does not have a right to object, on a corporation's behalf, to a lack of notice. Felt v. Comerica Bank, 401 S.W.3d 802, 807 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Allowing a non-attorney to preserve appellate error with a

20

motion for new trial would fail to impose any adverse consequences on the

corporation for its attempt to have a non-attorney represent it in court. *Id.* In *Felt v.*

*Comerica Bank,*

> Comerica Bank loaned $5 million to Waterhill Companies Limited, evidenced by a promissory note and partially secured by liens on real property. In addition, Jason Felt and Jonathan Wasserberg executed a guaranty in which each agreed to be jointly and severally liable for the debt. After Waterhill defaulted and Felt and Wasserberg failed to pay the debt, Comerica foreclosed on the properties. After crediting the sales price against the unpaid principal and interest, a deficiency of $1,153,341.00 remained.
>
> Comerica sued Waterhill, Felt, Wasserberg, and Waterhill's general partners Canary Financial Inc. ("Canary") and Wasserberg Investments, Inc. ("WII") to collect the deficiency and attorney's fees. Waterhill's attorney answered the suit. Acting pro se, Felt filed an answer to the suit on behalf of himself and as Canary's managing member. Wasserberg also filed a pro se answer, but WII did not answer the suit.
>
> Only Comerica Bank appeared at the nonjury trial on the merits. On April 21, 2011, the trial court rendered a no-answer default judgment against WII and post-judgment default judgments against the remaining defendants...
>
> After the judgment was rendered, Felt and Canary hired an attorney and filed a motion for new trial based on Felt's lack of notice of the trial setting. In their motion, they asserted that their addresses on file with the trial court were incorrect. They did not contend that they did not receive timely notice of the default judgment. Acting on his own behalf and purportedly on behalf of Waterhill and WII, Wasserberg filed a motion adopting Felt's motion for new trial. In his motion, Wasserberg asserted that he "did not receive proper notice of the default judgment." The record does not show that the parties ever set either motion for a hearing, whether live or by submission, and both motions were overruled by operation of law.

*Id.* at 805-06. In the sole issue presented to the Fourteenth Court of Appeals, the appellants asserted that they were entitled to a new trial on due-process grounds because they did not have notice of the trial setting. *Id.* at 806. The Court iterated that a motion for new trial is a prerequisite to an appellate "complaint on which evidence must be heard such as . . . failure to set aside a judgment by default." *Id.* (citing Tex. R. Civ. P. 324(b)(1); Felt v. Harris County, No. 14-12-00327-CV, 2013 WL 1738604, at *4 (Tex. App.—Houston [14th Dist.] Apr. 23, 2013, no pet.) (mem. op.)). As stated above, a court reviews the denial of a motion for new trial for abuse of discretion. *Id.* The Court found that although Wasserberg purported to act on WII's behalf in adopting Felt's motion for new trial, because a corporation generally may only be represented by a licensed attorney, and Wasserberg was not an attorney, he could not represent WII. *Id.* at 807. Therefore, he could not preserve error for WII by moving for a new trial on its behalf. *Id.* The trial court accordingly did not abuse its discretion in failing to grant WII a new trial.

One might argue that the facts presented in Tyhan's appeal are distinguishable though because the Court made this determination in the context of a no answer default judgment. However, Tyhan still would not be entitled to a new trial in the post answer default judgment context. In *Felt v. Comerica Bank*, the record did not indicate that Felt (or any other defendant) ever attempted to set the motion for new trial for hearing or submission. *Id.* at 808. "When a motion for new

22

trial requires the judge to exercise his discretion, the judge must have an opportunity to exercise that discretion before that discretion can be abused." *Id.* (citing Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dall., 703 S.W.2d 356, 357-58 (Tex. App.—Dallas 1985, no writ)). "Because we start with the presumption that a movant received proper notice, when a movant alleges that he had no notice of the trial setting, he must prove the lack of notice." *Id.* "In order to do so, he must obtain a hearing on his motion. *Id.* (citing Pinole Vall. Trucking, Inc. v. Tex. Dev. Co., No. 01-08-00599-CV, 2009 WL 1025750, at *5 (Tex. App.—Houston [1st Dist.] Apr. 16, 2009, no pet.) (mem. op.); Puri v. Mansukhani, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.); Shamrock Roofing Supply, Inc., 703 S.W.2d at 357-58 (Tex. App.—Dallas 1985, no writ)). The Court ultimately affirmed the judgment against Felt in part because he failed to obtain an evidentiary hearing to prove his lack of notice. *Id.* Tyhan similarly failed to obtain an evidentiary hearing to prove lack of notice. Tyhan, still acting as a pro se corporation, was not entitled to file a motion for new trial. Even if the trial court could consider the corporation's pro se motion, there is no evidence it ever attempted to obtain an evidentiary hearing. Its motion contained a blank "Notice of Hearing" between its Prayer and Verification on the same page (CR 62), but it never filed a separate Notice of Hearing. If Tyhan had obtained a hearing date before filing its motion, it logically would have put that hearing date in the "Notice

of Hearing" within its motion. If Tyhan had obtained a hearing date after filing its motion, it should have filed a separate Notice of Hearing. The clerk's record is devoid of such a notice. Therefore, it was not an abuse of discretion for the trial court to deny the motion by operation of law because the judge never had an opportunity to exercise that discretion.

Even if Tyhan was entitled to file a pro se response stating it had not received the motion for summary judgment, and if it was entitled to file a pro se motion for new trial, it should not be rewarded for its failure to hire counsel and sit on its hands. Tyhan clearly received the notice of the summary judgment submission, as evidenced by the attachment of the Amended Notice of Submission from August 8, 2017 to its response. (CR 42). This shows that Tyhan was capable of receiving the pleadings and notices, and that Tyhan was on notice of a pending motion for summary judgment with adequate time to obtain a copy from either the trial court, the Harris County Clerk, or Cintas's counsel. Tyhan filed its response on September 14, 2017. (CR 37). Appellee sent an amended notice of hearing on 10/6/17 for 10/23/17 (the Clerk's Record erroneously omitted this document, but references the document at CR 68; Appx. D). If Tyhan did indeed fail to receive this notice of the hearing scheduled for 10/23/17, it was still aware of the submission set for 9/15/17. In that respect, it can be distinguished from *Rabie* on another level. In *Rabie*, the defendant had notice of neither the motion for

summary judgment, nor of the submission of the motion. 982 S.W.2d at 197.

Tyhan, on the other hand, knew of the motion for summary judgment, but did

nothing to help itself in the 38 days between when the motion was originally going

to be ruled on and when it actually was ruled on (10/23/17). It could easily have

obtained a copy. Instead, it sat on its hands. It should not be rewarded for its failure

to act.

Therefore, the trial court did not err by not granting Tyhan's motion for new

trial because Tyhan could not file any response to the motion for summary

judgment, could not file a motion for new trial, and, despite having received notice

of the summary judgment, failed to act in its own defense.

In the event that this Court finds Tyhan is entitled to a new trial, the other

issues on appeal become moot, as they will need to be litigated in the trial court.

However, should the Court consider the other issues, it should affirm the entire

judgment in all respects. Appellee will thus address each issue Appellant has

brought to this Court's attention.

### ISSUE TWO: Should the trial court's judgment be affirmed with respect to the contractual liquidated damages?

Yes. The trial court did not err by awarding the contractual liquidated

damages. The liquidated damages provision in the contract that underlies the

original dispute is enforceable.

As a preliminary matter, the party asserting that a liquidated damages clause is a penalty provision and therefore unenforceable has the burden of proof at trial. Cintas Corp. v. Arrellano, 2014 WL 3926808, *7 (Tex. App. – Corpus Christi, 2014, no pet.); Commercial Union Insurance Co. v. La Villa School Dist., 779 S.W.2d 102, 106 (Tex. App. – Corpus Christi, 1989, no writ), Baker v. International Record Syndicate, 812 S.W.2d 53 (Tex. App. – Dallas, 1991, no writ). Tyhan never pled that the liquidated damages provision was a penalty (CR 14), and therefore this Court should not consider this issue.

Regardless, in Texas, contractual liquidated damage clauses have been held legally enforceable if: (1) the harm caused by the breach is incapable or difficult of estimation; and (2) the amount of liquidated damages called for is a reasonable forecast of just compensation. Phillips v. Phillips, 820 S.W.2d 785 (Tex. 1991); see also, Tex. Bus. & Comm. Code, Section 2.718(a). Under this test, a liquidated damages provision may be unreasonable because the actual damages incurred were much less than the amount contracted for. FPL Energy, LLC v. TXU Portfolio Mgmt. Co., L.P., 426 S.W.3d 59, 70 (Tex. 2014). A defendant making this assertion may be required to prove the amount of actual damages before a court can classify such a provision as an unenforceable penalty. *Id.* While the question may require a court to resolve certain factual issues first, ultimately the

enforceability of a liquidated damages provision presents a question of law for the court to decide. *Id.*

In *Cintas Corp. v. Arrellano*, the Thirteenth Court of Appeals considered a liquidated damages provision identical to the one at issue in this case:

> If this agreement is terminated early, the parties agree that the damages sustained by Company will be substantial and difficult to ascertain. Therefore, if this agreement is terminated by Customer prior to the applicable expiration date for any reason other than for documented quality of service reasons which are not cured as set forth above, or terminated by Company for cause at any time, Customer will pay to Company as liquidated damages and not as a penalty, the greater of *50% of the average weekly invoice total multiplied by the number of weeks remaining in the unexpired term*, or buy back all Facility Services Products allocated to Customer at the then current replacement values.

(Emphasis Added).

The evidence shows that Arellano owed Cintas a minimum of $25.00 per week under the contract, and that the amount owed each week fluctuated based on the actual amount of weekly supplies Cintas furnished the restaurant. The fluctuation in the amount owed Cintas under the contract is evidence that its damages would be difficult to ascertain. *See Fid. & Dep. Co. of Maryland v. Stool*, 607 S.W.2d 17, 26 (Tex. Civ. App.—Tyler 1980, no writ) ("[T]he harm caused by [the] breach would be difficult to estimate because of the uncertainty of the fluctuations in the interest rates which, indeed, was the very reason why the parties negotiated the liquidated damages provision.").

No. 13-12-00511-CV, 2014 WL 3926808, at *7 (Tex. App.–Corpus Christi March 20, 2014, no pet.) (mem. op.). Similarly, the evidence in this case shows that Tyhan owed Cintas a minimum of $50.00 per week under the contract, and that the amount owed each week fluctuated based on the actual amount of weekly supplies delivered to Tyhan. (CR 24-31). Indeed, the invoice dated 2/21/17 was for $184.84 (CR 27), that for 12/02/16 was for $171.29 (CR 28), and that for 11/10/16 was $178.24 (CR 29). The contract itself provides that "[t]he weekly rental charge for any individual leaving the employ of Customer can be terminated…" (CR 25). It also provides that "[a]dditional Customer employees, products and services may be added to this agreement and shall automatically becomes a part of and subject to the terms of this agreement…" (CR 25). This makes sense because employees may leave and the needs of a company like Tyhan can change over the course of the term of the contract. Therefore, as the Thirteenth Court of Appeals found, the fluctuation in the amount owed Cintas under the contract is evidence that its damages would be difficult to ascertain. Other Courts of Appeal considering the Cintas contract have upheld the liquidated damages provision based on its plain language. *See* Cintas Corp. v. Quevedo, No. 04-11-00142-CV, 2012 WL 1940642, at *4 (Tex. App.—San Antonio May 30, 2012, no pet.) (mem. op.).

Appellant uses outside sources in attempt to invalidate the liquidated damages provision. Appellant is trying to apply national profit margins to a

particular contract in Harris County, Texas. Extrapolations from Securities and Exchange Commission filings cannot be applied to a specific contract, as not every contract is going to have the same margins. The Court should not consider these filings.

As related above, this Court should not even consider the issue of Cintas's liquidated damages provision because Tyhan never pled it was a penalty. In addition, multiple courts have upheld the Cintas liquidated damages provision in the contract that underlies the original dispute. This Court should hold that it is enforceable and affirm the summary judgment in all respects.

*ISSUE THREE: In support of its motion for summary judgment, Cintas provided an affidavit sworn to by a Cintas general manager. The affidavit stated the past amount due, the weekly rental amount, and the amounts due for missing/damaged items. Should the trial court's judgment be affirmed with respect to whether the affidavit was sufficient to grant summary judgment?*

Yes. The Cintas affidavit is not conclusory; it states facts. Therefore, it was sufficient for the trial court to grant summary judgment. "Affidavits supporting and opposing summary judgment must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must affirmatively show that the affiant is competent to testify to the matters stated therein." Lewis v. Family Dollar, Inc., No. 01-10-00472-CV, 2011 WL 346290 at *8 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (mem. op.) (citing Tex. R. Civ. P. 166a(f); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam)).

Conclusory statements in an affidavit are not proper summary judgment evidence. *See* Tex. R. Civ. P. 166a(f) (supporting affidavit must set forth such facts as would be admissible in evidence); *see also Ryland Group, Inc.*, 924 S.W.2d at 122. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *1001 McKinney Ltd. v. Credit Suisse First Boston Mort. Capital*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Conclusory statements in an affidavit that are unsupported by facts are insufficient to defeat summary judgment. *CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). To serve as competent summary judgment proof under rule 166a(c), an affidavit of an interested party must be "clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted." *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.); *see Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997). An affidavit that makes self-serving, conclusory statements without any underlying factual detail cannot support a summary judgment. *Haynes*, 35 S.W.3d at 178.

*Id.* at *8-9. The relevant paragraphs at issue here state the following:

4. "The contract was for a period of sixty months. Tyhan, Inc. d/b/a Auto Fix Unlimited promised to pay Cintas the weekly rental and service fees plus sales tax due and payable. Defendant defaulted in making its required rental payments under the Agreement, and failed to tender the full weekly rental payments. The outstanding account balance due and owing to Cintas from Tyhan, Inc. d/b/a Auto Fix Unlimited is the sum of $ 11,230.16.

5. "Tyhan, Inc. d/b/a Auto Fix Unlimited agreed and promised to pay Cintas, pursuant to the terms of the Agreement, liquidated damages based on the calculations provided for in the Agreement. The contract was terminated on 2/1/17, leaving 139 weeks remaining on the term of the contract. The weekly invoice amount is $498.15. Therefore, under the calculations provided in the contract. Defendant owes $34,621.43 in liquidated damages.

30

6.    "Also, upon termination of the account, Cintas attempted to pick up and inventory the items leased to Defendant. Many of the items were damaged or unreturned. In accordance with the terms of the contract. Defendant agreed to pay predetermined amounts for replacement of any such items. Based upon then current replacement values, Tyhan, Inc. d/b/a Auto Fix Unlimited owes a total of $2,823.00 for damaged or unreturned merchandise.

(CR 30-32). In the first paragraph, the Cintas employee is stating how much Tyhan's outstanding balance is based on invoices not paid. This is simply a statement of fact. It is "clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted." *Lewis*, 2011 WL 346290 at *9. Indeed, it gave a specific number and if Tyhan disagreed with how much was owed, Tyhan could have offered it owns affidavit controverting the $11,230.16 number. Appellant argues that this portion of the affidavit is conclusory because it does not state which invoices and items were not paid for by Tyhan. Cintas was not required to tailor its affidavit to fit the wants of Tyhan; it was only required to be "set forth such facts as would be admissible in evidence." *Id.* at *7. Testimony from the Cintas employee as to the unpaid balance of Tyhan's account with Cintas would be admissible in evidence. Appellant makes the same argument with regard to the fifth and sixth paragraphs, but again, these are statements of fact, not conclusory statements. Appellant's desire for more detail does not change the nature of these statements. One can always make an affidavit more detailed, but as long as the underlying facts are there to support the conclusion, the statement is not

conclusory. Here, in the fifth paragraph, the Cintas employee states when the contract was terminated, how much time that left on the term of the contract, and how much the weekly invoice amount was. (CR 30-32). Based on those statements, he is able to conclude how much is owed in liquidated damages. Tyhan was free to controvert when the contract was terminated, how many weeks remained on the contract, and how much the weekly invoice amount was. Likewise, Tyhan was free to controvert the $2,823.00 figure for damaged or unreturned merchandise. Therefore, this affidavit was proper summary judgment evidence.

The affidavit signed by the Cintas representative stated facts, and was not conclusory. Thus, it was proper summary judgment evidence, and this Court should affirm the trial court's summary judgment in all respects.

***ISSUE FOUR: Did Tyhan's response to Cintas's motion for summary judgment, or Cintas's own affidavit, demonstrate a lack of any fact issue such that the trial court's summary judgment should be affirmed?***

Yes. Neither Cintas's affidavit, nor Tyhan's response, raised any fact issue as to make it error for the trial court to grant summary judgment. Tyhan's response and anything attached to it cannot be considered. As related earlier, "[c]orporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally." Sherman v. Boston, 486 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (quoting Simmons, Jannace & Stagg, L.L.P. v. Buzbee Law Firm, 324 S.W.3d 833, 833 (Tex. App.—Houston

[14th Dist.] 2010, no pet.)). Legal entities, such as a corporation or a limited liability company, generally may appear in a district or county court only through a licensed attorney. *Id.* (citing Kunstoplast of Am. v. Formosa Plastics Corp., USA, 937 S.W.2d 455, 456 (Tex. 1996); Apartment Express LLC v. Southchase North Apartments, No. 14-15-00532-CV, 2015 Tex. App. LEXIS 8610, 2015 WL 4930908, at * 1, n. 1 (Tex. App.—Houston [14th Dist.] Aug. 18, 2015, no pet.) (mem. op.) (per curiam)). The response to Cintas's Motion for Summary Judgment was a pro se corporate response, and therefore could not be considered. In effect, there was no response by Tyhan because the response, and anything attached to the response, could not be considered by the trial court.

Appellant states that Cintas created its own fact issue with its motion, taking issue with the weekly invoice amount in Cintas's affidavit. The case Appellant relies on for its support that conflicting inferences from different forms of evidence create a fact issue precluding summary judgment actually stands for the proposition that if conflicting inferences may be drawn from a deposition and from an affidavit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented. Randall v. Dallas Power & Light Co., 752 S.W.2d 4, 5 (Tex. 1988). There is no previous contradictory testimony on file. Therefore, even if Tyhan could file a response, neither Cintas's affidavit, nor

33

Tyhan's response, raised any fact issue as to make it error for the trial court to grant summary judgment.

*ISSUE FIVE: Does the affidavit supporting attorney's fees provided by Cintas provide the minimum information required to recover attorney's fees?*

Yes. The affidavit supporting attorney's fees provided by Cintas provides the minimum information required to recover attorney's fees.

> Although the reasonableness of attorney's fees often is a fact issue, "[w]ell-settled law recognizes that the affidavit of an attorney representing a claimant constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding." Haden v. David J. Sacks, P.C., 332 S.W.3d 503, 513 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). "Thus, an affidavit filed by the movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion will be sufficient to support summary judgment, if uncontroverted." In re Estate of Tyner, 292 S.W.3d 179, 184 (Tex. App.—Tyler 2009, no pet.) (citing Basin Credit Consultants, Inc. v. Obregon, 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied)).

Delcor USA, Inc. v. Tex. Indus. Specialities, No. 14-11-00048-CV, 2011 WL 6224466 at *11-12 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (mem. op.). In *Delcor USA, Inc.*, the attorney for the party that obtained summary judgment stated in her affidavit that,

(1) she has been licensed in the State of Texas since 1988, practices predominantly in Harris County and the surrounding counties, and is familiar with the attorney's fees charged in this type of matter; (2) TISI incurred fees of $4,800 for drafting, reviewing, and filing the original petition, arranging service of the citation, drafting and finalizing requests for disclosure, requests for production, and interrogatories, reviewing Delcor's discovery responses, negotiating a possible settlement and preparing a proposal, and preparing the motion for summary judgment and attending the hearing; and (3) the fees are "reasonable and necessary for the prosecution of this case."

*Id.* at *12-13. The Court held that the attorney's affidavit adequately supported the award of attorney's fees on summary judgment because it established her qualifications to opine on a reasonable fee, her familiarity with attorney's fees typically charged in these types of matters, the legal services actually rendered to her client, and her opinion that the fees were reasonable and necessary for the services rendered. *Id.* at *14-15. Here, the attorney for Cintas states his qualifications to opine on a reasonable attorney fee, states his familiarity with attorney's fees typically charged in these types of matters, states how much time has been or will be spent on the legal services rendered to his client, and his opinion that the fees were reasonable and necessary for the services rendered. (CR 34-35). Thus, the attorney's fees award should be upheld under this caselaw.

Appellant relies on *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) to assert that Cintas's affidavit regarding attorney's fees is invalid under the lode star method of calculating attorney's fees. But this is not the only way to recover attorney's fees. In *Mobilelink San Antonio, LLC v. PNK Wireless Comm., Inc.*, No.

35

01-15-01048-CV, 2016 WL 7368066 at *19 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (mem. op.), the First Court of Appeals iterated that Section 38.001 of the Civil Practice and Remedies Code does not require that attorney's fees be determined under a lodestar method. Distinguishing the facts before it from those in *Long*, the Court stated the issues in the case were not complex. *Id.* at *18. A trial court, in an action under Section 38.001, "may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence…" *Id.* at *18 (quoting Tex. Civ. Prac. & Rem. Code § 38.004). Such "usual and customary attorney's fees" are presumed to be reasonable. *Id.* (quoting § 38.003). A trial court's judicial notice of the usual and customary attorney's fees constitutes some evidence on which the trial court can base its award. *Id.* (citations omitted). And "[t]rial judges can draw on their common knowledge and experience as lawyers and as judges in considering the testimony, the record, and the amount in controversy in determining attorney's fees." *Id.* (quoting McMahon v. Zimmerman, 433 S.W.3d 680, 693 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Accordingly, the trial court is not required to hear evidence on the factors listed in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997). *Id.* The First Court of Appeals noted that "by awarding attorney's fees in a bench trial, the trial court took judicial notice that the fees awarded were reasonable, and that notice itself constitutes some evidence

36

supporting an award of fees." *Id.* at 19. Thus, because some evidence existed to support the trial court's award of attorney's fees, the Court upheld the attorney's fee award. *Id.*

Here, the attorney for Cintas asked the Court for attorney's fees in its motion for summary judgment and provided an affidavit. The trial court awarded the attorney's fees at the hearing for the motion for summary judgment by signing the summary judgment. (CR 21-22; 34-35). Following *Mobilelink San Antonio, LLC*, 2016 WL 7368066 at *19, the trial court took judicial notice that the fees were reasonable, thus constituting some evidence supporting an award of fees. Therefore, this Court should uphold the attorney's fee award.

## CONCLUSION AND PRAYER

The trial court's summary judgment should be upheld in all respects. The trial court did not err by not granting Tyhan's motion for new trial because Tyhan, as a pro se corporate defendant, could not file any response to the motion for summary judgment, could not file a motion for new trial, and, despite having received notice of the summary judgment, failed to act in its own defense. The affidavit signed by the Cintas representative stated facts, was not conclusory, and was sufficient summary judgment evidence. The documents submitted by Cintas did not demonstrate a fact issue, and the documents submitted by Tyhan could not be considered because it was a pro se response by a corporation to a motion for

37

summary judgment. The evidence before the trial court was sufficient for it to award attorney's fees.

Cintas Corporation No. 2 prays that this Court affirm the trial court's judgment as to all issues presented. Should the Court consider the other issues, Cintas Corporation No. 2 prays that this Court upholds the summary judgment in all respects, including Cintas's liquidated damages clause, the sufficiency of the affidavit submitted by Cintas Corporation No. 2, and the basis for awarding attorney's fees.

Respectfully submitted,

**TAYLOR, TAYLOR & RUSSELL**

*Collin D Greene*

Allen D. Russell
State Bar No. 00784889
Collin D. Greene
State Bar No. 24095939
2777 Allen Parkway, Ste. 1000
Houston, Texas 77019
(713) 615-6060 Telephone
(713) 526-2708 Facsimile
arussell@taylaw.com
cgreene@taylaw.com
**ATTORNEY FOR PLAINTIFF,
CINTAS CORPORATION NO. 2**

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to Tex. R. App. P. 9.4(i) the word count of the word processor used to generate this brief indicates that it includes 6673 words.

_Collin D. Greene_

Collin D. Greene

NO. 01-18-00027-cv

IN THE COURT OF APPEALS

FIRST JUDICIAL DISTRICT

AT HOUSTON, TEXAS

---

TYHAN, INC. D/B/A AUTO FIX UNLIMITED
*Appellant,*

VS.

CINTAS CORPORATION NO. 2,
*Appellee.*

---

ON APPEAL FROM THE COUNTY CIVIL COURT AT LAW NO. 4 OF
HARRIS COUNTY, TEXAS
HON. ROBERTA LLOYD PRESIDING
TRIAL COURT CAUSE NO. 1093315

---

**APPENDIX**

---

APPX. A    Notice of Submission (August 7, 2017)

APPX. B    Amended Notice of Submission (August 8, 2017)

APPX. C    Notice of Oral Hearing (October 6, 2017)

APPX. D    Amended Notice of Oral Hearing (October 6, 2017)

# APPX. A

1093315

Harris County - County Civil Court at Law No. 4

8/7/2017 1:00 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1093315

| | | |
|---|---|---|
| CINTAS CORPORATION NO. 2 | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 4 |
| | § | |
| TYHAN, INC. d/b/a | § | |
| AUTO FIX UNLIMITED | § | HARRIS COUNTY, TEXAS |

## NOTICE OF SUBMISSION

Please take notice that Plaintiff's Motion for Summary Judgment will be presented to the court for ruling by Submission on **Friday, September 8th, 2017 at 9:00 AM.**

Respectfully submitted,

TAYLOR, TAYLOR & RUSSELL

Allen D. Russell
State Bar No. 00784889
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
arussell@taylaw.com
(713) 615-6060 Telephone
(713) 526-2708 Facsimile

**ATTORNEY FOR PLAINTIFF,
CINTAS CORPORATION NO. 2**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2 day of August 2017, a true and correct copy of the foregoing Notice of Submission for Plaintiff's Motion for Summary Judgment has been forwarded via e-mail, certified mail, return receipt requested and/or facsimile transmission to:


Sunny Zamir
Tyhan Inc. DBA Auto Fix Unlimited
c/o 12755 Windfern Rd.
Houston, Texas 77064

_____
Allen D. Russell

# APPX. B

8/8/2017 3:43 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1093315

| CINTAS CORPORATION NO. 2 | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| V. | § | AT LAW NO. 4 |
| | § | |
| TYHAN, INC. d/b/a | § | |
| AUTO FIX UNLIMITED | § | HARRIS COUNTY, TEXAS |

## AMENDED NOTICE OF SUBMISSION

Please take notice that Plaintiff's Motion for Summary Judgment will be presented to the court for ruling by Submission on September 15th, 2017 at 9:00 AM.

Respectfully submitted.

TAYLOR, TAYLOR & RUSSELL

Allen D. Russell
State Bar No. 00784889
2777 Allen Parkway, Suite 1000
Houston. Texas 77019
arussell@taylaw.com
(713) 615-6060 Telephone
(713) 526-2708 Facsimile

ATTORNEY FOR PLAINTIFF,
CINTAS CORPORATION NO. 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August 2017, a true and correct copy of the foregoing Amended Notice of Submission for Plaintiff's Motion for Summary Judgment has been forwarded via e-mail, certified mail, return receipt requested and/or facsimile transmission to:

Sunny Zamir
Tyhan Inc. DBA Auto Fix Unlimited
c/o 12755 Windfern Rd.
Houston, Texas 77064

_____
Allen D. Russell

# APPX. C

10/6/2017 9:41 AM
Stan Stanart
County Clerk
Harris County

## CAUSE NO. 1093315

| | | |
|---|---|---|
| CINTAS CORPORATION NO. 2 | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 4 |
| | § | |
| TYHAN, INC. d/b/a | § | |
| AUTO FIX UNLIMITED | § | HARRIS COUNTY, TEXAS |

## NOTICE OF ORAL HEARING

Please take notice that Plaintiff's Motion of Summary Judgement will be presented to the court for ruling by Oral Hearing on **Monday, October 16, 2017 at 01:00 P.M..**

Respectfully submitted,

TAYLOR, TAYLOR & RUSSELL

Allen D. Russell
State Bar No. 00784889
2777 Allen Parkway Ste., 1000
Houston, Texas 77019
(713) 615-6060 Telephone
(713) 526-2708 Facsimile
ARussell@taylaw.com

**ATTORNEY FOR PLAINTIFF**
**CINTAS CORPORATION NO. 2**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2017, a true and correct copy of the foregoing Notice of Hearing for Plaintiff's Motion of Summary Judgment has been forwarded via e-mail, certified mail, return receipt requested and/or facsimile transmission to:

Sunny Zamir
Tyhan Inc. DBA Auto Fix Unlimited
12755 Windfern Rd.
Houston, Texas 77064

_____
Allen D. Russell

# APPX. D

10/6/2017 2:07 PM
Stan Stanart
County Clerk
Harris County

## CAUSE NO. 1093315

| | | |
|---|---|---|
| CINTAS CORPORATION NO. 2 | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 4 |
| | § | |
| TYHAN, INC. d/b/a | § | |
| AUTO FIX UNLIMITED | § | HARRIS COUNTY, TEXAS |

## AMENDED NOTICE OF ORAL HEARING

Please take notice that Plaintiff's Motion of Summary Judgement will be presented to the court for

ruling by Oral Hearing on **Monday, October 23, 2017 at 01:00 P.M.**.

Respectfully submitted,

TAYLOR, TAYLOR & RUSSELL

Allen D. Russell
State Bar No. 00784889
2777 Allen Parkway Ste., 1000
Houston, Texas 77019
(713) 615-6060 Telephone
(713) 526-2708 Facsimile
ARussell@taylaw.com

**ATTORNEY FOR PLAINTIFF
CINTAS CORPORATION NO. 2**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2017, a true and correct copy of the foregoing Amended Notice of Hearing for Plaintiff's Motion of Summary Judgment has been forwarded via e-mail, certified mail, return receipt requested and/or facsimile transmission to:

Sunny Zamir
Tyhan Inc. DBA Auto Fix Unlimited
12755 Windfern Rd.
Houston, Texas 77064

Allen D. Russell

UNOFFICIAL COPY

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2018, a true and correct copy of the foregoing document has been forwarded via email, facsimile and/or certified mail, return receipt requested to:

Michael Howell
N. West Short
West Short & Howell, PLLC
313 West 10th Street
Georgetown, Texas 78626
West.short@westshortlawfirm.com
howell@westshorthowell.law
short@westshorthowell.law

_____
Collin D. Greene